JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Derrick Phillips appeals from his convictions after a bench trial for having a weapon while under disability and for failure to comply with the order or signal of a police officer, with firearm specifications.
 {¶ 2} Appellant asserts his convictions must be reversed on the following grounds: he was denied his right to a speedy trial; the court failed to comply with R.C. 2945.05 before conducting the bench trial; the evidence was insufficient to support one of the firearm specifications; and, his trial counsel provided ineffective assistance. Following a review of the record, however, this court cannot agree that any of the asserted grounds has merit. Therefore, appellant's convictions are affirmed.
 {¶ 3} Appellant's convictions result from a series of incidents that took place over the course of a November night in 2001. Frustrated with recent events that had taken place in his life, appellant spent a portion of the evening of November 16 indulging in alcohol and drugs. Appellant admitted he had smoked two "wet" marijuana cigarettes before returning to the home he shared with his girlfriend on East 69th Street in Cleveland
 {¶ 4} Upon his arrival there at around midnight, appellant acted in an agitated manner and demanded the keys to his girlfriend's automobile. She attempted to put him off, but he brandished a revolver and fired five shots into the bathroom wall. At that point, she decided the better course was to accede.
 {¶ 5} Appellant's girlfriend called the police after he left; she reported appellant had taken her Chevrolet Cavalier. The shots that had been fired, moreover, caused almost contemporaneous calls from others to the police that further informed them appellant was armed with a gun.
 {¶ 6} Just as the police radio dispatch went out about appellant, two officers on patrol in the area of Gallup and Broadway Avenues observed a Chevrolet Cavalier passing a tractor trailer. The Cavalier was "traveling at a high rate of speed in the oncoming traffic lanes with no lights on." Patrolman Murphy, who was driving, activated the zone car's lights and sirens and began a pursuit of the Cavalier, while his partner, Patrolman Reilly, interrupted the dispatcher to state they had located the vehicle just reported stolen. The officers thereafter continued radio contact, and other police units were alerted to the situation.
 {¶ 7} Appellant refused to acknowledge the police car chasing him. Instead, he maintained the excessive speed, drove the Cavalier up the access ramp onto the nearby freeway, took the first exit, and continued his flight into the residential area of West 7th Street. The vehicle stopped only after appellant drove it between apartment buildings down a flight of concrete stairs; following, the officers' zone car also stalled at the bottom.
 {¶ 8} Appellant at that point escaped from the Cavalier and ran. Reilly and Murphy pursued on foot. As appellant fled, he grabbed into the waistband of his pants as if attempting to remove something placed there.
 {¶ 9} Appellant slowed when he came to the intersection of University and Thurman Avenues. As the officers began to catch up, appellant pulled the item from his waistband, turned with a gun in his hands, and seemed to take aim at his pursuers. Reilly fired a shot in appellant's direction before ducking for cover. When Reilly arose, he had become separated from Murphy and appellant no longer was in sight.
 {¶ 10} Other officers, however, by that time had converged on the scene. One of them, Patrolman Skernivitz, spotted appellant in a driveway on West 5th Street. Appellant eluded Skernivitz by turning and dashing toward a fence, once again "digging into his waistband" as he ran. Skernivitz saw appellant scale the fence with a gun in his right hand; a moment after appellant slipped behind the fence out of sight, Skernivitz heard the discharge of a gun from that location. Appellant soon thereafter was apprehended hiding under a car parked in a driveway on West 7th Street. He had covered the revolver nearby with fallen leaves.
 {¶ 11} As a result of this incident, appellant eventually was indicted on five counts. The first three were the most serious, viz., one count of aggravated robbery, with a firearm and a repeat violent offender specification and a notice of prior conviction; and, two counts of felonious assault, with peace officer, firearm, and repeat violent offender specifications and a notice of prior conviction. The remaining two counts charged appellant with lesser felony offenses, viz., having a weapon while under disability, R.C. 2923.13(A)(2), with a three-year firearm specification; and, failure to obey the order or signal of a police officer, R.C. 2921.331, with a furthermore clause and one-year and three-year firearm specifications.
 {¶ 12} The record reflects appellant remained incarcerated after his arrest, and was arraigned on December 12, 2001. Subsequently, appellant requested continuances for several pretrial hearings before choosing a trial date of March 21, 2002. However, trial did not take place as scheduled; rather, appellant's case was continued for several months without explanation.
 {¶ 13} Beginning in August, 2002, additional pretrial hearings were conducted, again with the case continued each time at appellant's request. Trial was re-set for November 20. Nevertheless, the record reflects discovery in appellant's case had not yet been completed by November, 2002; therefore, the matter was continued at appellant's request to a new date of January 13, 2003.
 {¶ 14} On the scheduled day of trial, however, appellant expressed dissatisfaction with his trial counsel and requested the assignment of a new defense attorney. The trial court granted appellant's request. In the remaining days of January 2003, new trial counsel filed his own discovery motions in the case and chose a trial date of March 4, 2003.
 {¶ 15} On February 7, 2003, appellant's new attorney filed a motion to dismiss the case based upon the state's failure to comply with statutory speedy trial requirements. The trial court held a hearing on the motion before denying it. Appellant subsequently executed a jury waiver and elected to have his case tried to the bench.
 {¶ 16} Following the presentation of the state's case-in-chief, the trial court granted appellant's motion for acquittal as to the charge of aggravated robbery. After the completion of the evidence, the trial court further found appellant not guilty of the two counts of felonious assault on a peace officer.
 {¶ 17} Appellant was found guilty of the remaining two counts, viz., having a weapon while under disability, with a firearm specification, and failure to comply with the order or signal of a police officer, with firearm specifications. The trial court ultimately sentenced appellant to a total term of incarceration of eight years for the convictions.[1]
 {¶ 18} Appellant presents the following four interrelated assignments of error for review:[2]
 {¶ 19} "I. Mr. Phillips was denied his right to effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution.
 {¶ 20} "II. The trial court erred in failing to dismiss the case for want of a speedy trial.
 {¶ 21} "III. The evidence was insufficient to support a three-year firearm specification attendant to the charge of fleeing and eluding.
 {¶ 22} "IV. The trial court was without jurisdiction to conduct a bench trial because the requirements of R.C. 2945.05
were not strictly followed."
 {¶ 23} Appellant essentially argues several reversible errors occurred during the proceedings below. He further argues the occurrence of these errors establishes his trial counsel's constitutionally inadequate performance. This court disagrees.
 {¶ 24} Appellant arguments will be addressed in logical order. Initially, in his second assignment of error, he argues the continuances of trial he requested many times over served ultimately to deny him his right to a speedy trial. He contends the trial court was required to place in its journal entries of continuance his reasons for his requests. Such a contention is nonsense.
 {¶ 25} R.C. 2945.72(H) permits the time limits for trial to be tolled during the period of "any continuance granted on the accused's own motion, and the period of any reasonable
continuance granted other than upon the accused's own motion." (Emphasis added.)
 {¶ 26} The statute thus rationally differentiates those requests for continuance that are made by the defendant. It is the defendant's own right to a speedy trial he has decided to compromise, therefore, he need not give a reason for his decision to postpone trial. State v. Baker (1993), 92 Ohio App.3d 516,530-531; State v. Brelo (Dec. 13, 2001), Cuyahoga App. No. 79580. On the other hand, any requests by either the state or the court itself for a continuance are infringements upon the defendant's constitutional right, and, thus, subject to scrutiny; consequently, the grounds for the request must be set forth in a journal entry. State v. Baker, supra; see, also, State v.Mincy (1982), 2 Ohio St.3d 6, 8.
 {¶ 27} The trial court carefully considered appellant's motion to dismiss the case for lack of a speedy trial. Upon a perusal of the record, the court noted nearly all of the continuances were made for appellant's own benefit. The trial court tallied each day that was not attributable to appellant and correctly concluded the time limitation set forth in R.C.2945.71(C)(2) was not exceeded. Thus, appellant's argument presented in his second assignment of error fails.
 {¶ 28} Next, appellant argues in his fourth assignment of error that the record demonstrates the trial court failed strictly to comply with the mandates of R.C. 2945.05. He contends this failure deprived the trial court of jurisdiction to decide his guilt.[3] This court, however, does not share either appellant's view of the record or his proposition.
 {¶ 29} In pertinent part, R.C. 2945.05 states that a defendant in a criminal case may waive a trial by jury and elect to be tried by the court; the waiver "shall be in writing, signed by the defendant, and filed * * * and made a part of the record thereof." Additionally, the "waiver of trial by jury must be made in open court after the defendant has been arraigned and has had the opportunity to consult with counsel." According to the record of this case, the trial court complied with each of these mandates.
 {¶ 30} Appellant asserts the transcript indicates the waiver had been executed earlier, rather than "in open court," and, further, the record reflects the trial court failed to file a contemporaneous journal entry that noted appellant's waiver. He contends that since strict compliance with the statute is required to confer jurisdiction pursuant to State v. Pless,74 Ohio St.3d 333, 1996-Ohio-102, these failures fell short of strict compliance.
 {¶ 31} However, neither the statute nor Pless requires the form to be "executed in open court." Moreover, no journal entry memorializing the event is required. Read in context, the statute indicates instead that the signed form must be filed, and that it may be filed before the trial court addresses the defendant in a colloquy. The "critical issue" is neither the timing of the execution of the document, nor the trial court's journal entry of memorialization of the event, but "whether the filing [of the written waiver itself] ever occurred." State v.Huber, Cuyahoga App. No. 80616, 2002-Ohio-5839, P48 (Emphasis added).
 {¶ 32} The court is required to engage in a colloquy before commencing the actual trial in order to ensure that the defendant's waiver was made after "the defendant had been advised and is aware of the implications of voluntarily relinquishing a constitutional right." State v. Franklin, Cuyahoga App. No. 81426, 2003-Ohio-2649, P13, citing State v. Ford, Cuyahoga App. Nos. 79441, and 79442, 2002-Ohio-1100; see, also, Huber, supra at P49. Any interpretation of the record in this case underscores a conclusion the trial court fulfilled its duties. Appellant's argument contained in his fourth assignment of error, therefore, lacks support.
 {¶ 33} Appellant additionally argues in his third assignment of error that the state failed to prove all the elements of his violation of R.C. 2921.331 with a three-year firearm specification. He contends insufficient evidence was presented to establish he "had a firearm on or about his person or under his control" while eluding the officers after their signals to stop the vehicle he drove, and that he either "displayed" or "brandished" it.
 {¶ 34} This argument is rejected. Both Reilly and Skernivitz testified they observed appellant with a gun in his hand as he continued to elude them. Reilly perceived appellant apparently took aim at him with the weapon, and Skernivitz heard it go off after appellant went over the fence.
 {¶ 35} Even if none of the officers saw the gun until appellant had abandoned the vehicle, his argument is moot. The journal entry of sentence states that the three-year specifications attached to counts four and five "merge[d] for [the] purposes of sentencing." The state clearly presented sufficient evidence to prove appellant's guilt on count four, violation of R.C. 2923.13, with a firearm specification.
 {¶ 36} First, a certified copy of the journal entry of appellant's 1996 conviction was admitted into evidence.[4]
The document states appellant was sentenced to incarceration for a term of three to fifteen years, "plus three years mandatory actual incarceration." Viewing this evidence in a light most favorable to the prosecution, appellant was not released until 1999.
 {¶ 37} Second, before presenting his argument for dismissal on speedy trial grounds, defense counsel stipulated that appellant had not been in jail solely on the instant charges, but also on a hold placed by the Ohio Adult Parole Authority. This could mean only that appellant had been released from prison but remained subject to the supervision of that agency.
 {¶ 38} Appellant, therefore, had "violate[d] division (A) of [R.C. 2923.13] within five years of the date of [his] release from imprisonment or from post-release control that is imposed for the commission of a felony of the first or second degree." R.C. 2923.13(B).
 {¶ 39} Moreover, appellant's girlfriend testified he possessed a revolver, and several of the officers saw the weapon in his hand during the foot chase. Finally, appellant stipulated he had been convicted in 1996 of felonious assault, which is, obviously, a "felony of violence." Consequently, appellant's argument in his third assignment of error cannot avail him.
 {¶ 40} In his first assignment of error, appellant argues the other "errors" he presents demonstrate his trial counsel rendered constitutionally ineffective assistance. This court's disposition of appellant's other assigned "errors," however, answers the argument.
 {¶ 41} Appellant's claim requires him first to demonstrate counsel fell below an objective standard of reasonable representation. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Appellant cannot substantiate this first step.
 {¶ 42} Trial counsel not only is presumed to have acted in a professional manner, but also may not be faulted for failure to perform vain acts. Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. The record reflects trial counsel challenged those matters that potentially had a chance of success, but did not presume to raise the ones that did not. The record further reflects counsel's capable advocacy succeeded in obtaining both dismissal of the most serious charge against appellant and appellant's eventual acquittal on the other two more serious charges.
 {¶ 43} Appellant's argument with respect to his first assignment of error, therefore, is rejected.
 {¶ 44} Since none of appellant's assignments of error has merit, his convictions are affirmed.
Calabrese, and Dyke, JJ., concur.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The trial court credited appellant with the time served during pendency of the proceedings.
[2] In his reply brief filed in this court, appellant withdraws his fifth assignment of error, which challenged his sentence.
[3] This court previously has stated that any defect in complying with R.C. 2945.05 is "a defect in the trial court's exercise of its jurisdiction" rather than a lack of subject matter jurisdiction. State v. Franklin, Cuyahoga App. No. 81426, 2003-Ohio-2649, P7.
[4] Appellant had been convicted of felonious assault, which is a felony of the second degree. R.C. 2903.11(B).