JOURNAL ENTRY and OPINION
{¶ 1} The court found defendant Henry Davis guilty of one count of felonious assault for stabbing a person during an altercation. The issues on appeal are whether he validly waived his right to a jury trial and whether the court erred by permitting the state to impeach one of its witnesses without first requiring the state to show that the testimony caused the state affirmative damage. As neither assignment of error requires reference to the facts adduced at trial, only those facts necessary to this appeal will be discussed.
 I {¶ 2} Just before the start of trial, Davis appeared before the court with counsel and submitted a signed jury waiver form. The court accepted and filed the waiver, but Davis now complains that the court should have required him to sign the waiver in its presence and further should have engaged in a colloquy with him to ensure that he was knowingly and voluntarily waiving his right to a jury trial.
 {¶ 3} R.C. 2945.05 states that a waiver of the right to a trial by jury "shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof." These requirements are mandatory, and absent strict compliance with the statute, the court lacks jurisdiction to try the case without a jury. See State v. Pless (1996),74 Ohio St.3d 333, 658 N.E.2d 766, paragraph one of the syllabus. As with the waiver of any constitutional right, the court has the obligation to satisfy itself that the accused is knowingly and voluntarily relinquishing that right. See Crim.R. 23(A); State v. Bays,87 Ohio St.3d 15, 19, 1999-Ohio-216.
 {¶ 4} The record shows that the requirements of R.C. 2945.05 were met. Davis submitted a signed jury waiver, in writing, that the court filed with the clerk of the court and thus made a part of the record. While Davis did not sign the waiver in the court's presence, we have consistently held that there is no such requirement. See, e.g., State v.Franklin, Cuyahoga App. No. 81426, 2003-Ohio-2649; State v. Phillips,
Cuyahoga App. No. 82886, 2004-Ohio-484.
 {¶ 5} Moreover, we reject Davis' contention that the court's finding of waiver was invalid. The court first asked counsel if it was Davis' intention to waive a jury trial. When counsel replied in the affirmative, the court next asked Davis "[i]s it your intention to waive a jury trial?" Davis replied, "[y]es, it is."
 {¶ 6} Absent specific requirements like those listed in Crim.R. 11, the manner in which the court determines the validity of a waiver is quite flexible. In State v. Foust, 105 Ohio St.3d 137, 2004-Ohio-7006, ¶ 53, the supreme court recently stated:
 {¶ 7} "Although the trial court did not fully advise Foust of all the implications of his jury waiver, `there is no requirement for a trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial.' State v. Jells (1990), 53 Ohio State v. Jells (1990), 53 Ohio St.3d 22, 559 N.E.2d 464, paragraph one of the syllabus. `The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel. While it may be better practice for the trial judge to enumerate all the possible implications of a waiver of a jury, there is no error in failing to do so.' (Citation omitted.) Id. at 26,559 N.E.2d 464; see, also, State v. Thomas, 97 Ohio St.3d 309,2002-Ohio-6624, 779 N.E.2d 1017, ¶ 26; State v. Bays, 87 Ohio St.3d at 20,716 N.E.2d 1126 (trial court's failure to explain that a single juror can block a death recommendation did not invalidate a jury waiver)."
 {¶ 8} Under the circumstances, Davis' signed jury waiver form and his acknowledgment that he wished to waive a jury were sufficient to permit the court to conclude that Davis knowingly and voluntarily wished to waive a jury trial. The court did not need to engage in any further inquiry.
 II {¶ 9} During its case-in-chief, the state called Timpson Mitchell (although he evidently preferred to be called "Otis Holt"), as an eyewitness to the offense. However, on direct examination, Mitchell's recollection of the events waned as he claimed that he was "kind of high" at the time. He acknowledged that there were "a couple of fights," but claimed that he did not see anything. He further said that he could not recall telling the police that he saw an altercation involving the victim police that he saw an altercation involving the victim of the felonious assault. The state then asked for and received permission to treat Mitchell as a hostile witness and impeach him with his statements to the police. While Davis concedes that the state was surprised by Mitchell's testimony, he argues that the state did not show that it had been affirmatively damaged by Mitchell's testimony.
 {¶ 10} Evid.R. 607(A) states, "the credibility of a witness may be attacked by any party except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage."
 {¶ 11} "Affirmative damage can be shown if the party's own witness' testimony contradicts, denies, or is harmful to that party's trial position." State v. Stearns (1982), 7 Ohio App.3d 11, 15. As with all other evidentiary matters, the decision to allow a party to impeach its own witness is reviewable only for an abuse of discretion. See State v.Blair (1987), 34 Ohio App.3d 6.
 {¶ 12} The court did not abuse its discretion by permitting the state to impeach Mitchell. Undoubtedly, Mitchell's recalcitrant testimony contradicted the statements he made to the police immediately after the offense. On that basis alone, the state would have shown affirmative damage to the case since Mitchell downplayed the events leading up to the stabbing in such a way as to call into question the entire basis for the state's case.
 {¶ 13} It is true that a non-harmful neutral answer, such as "I don't know" or "I can't remember" does not show affirmative damage, as such answers fail to contradict or deny a prior statement. See, e.g., Statev. Keenan (1993), 66 Ohio St.3d 402, 412, 613 N.E.2d 203. Yet Mitchell's answers went beyond that point. He directly stated that he did not see the victim involved in an altercation. This went well beyond being neutral because it was testimony that nothing happened. Hence our conclusion that the court did not abuse its discretion by allowing the state to impeach Mitchell.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and McMonagle, J., Concur.