The STATE of Ohio, Appellee,

v.

LOMAX, Appellant.

[Cite as *State v. Lomax,* 166 Ohio App.3d 555, 2006-Ohio-1373.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040450.

Decided March 24, 2006.

556

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee.

Rubenstein & Thurman, L.P.A., Inc., and Scott A. Rubenstein, for appellant.

MARK P. PAINTER, Judge.

{¶ 1} The right to trial by jury is fundamental to Anglo–American jurisprudence—it cannot be lightly surrendered. We hold that the defendant in a felony case, in addition to signing the required written waiver, must orally acknowledge that he understands that he is waiving his right to a jury trial.

{¶ 2} After a bench trial, defendant-appellant, Keith Lomax, was convicted of murder. Because Lomax's waiver of a trial by jury was not made in open court, his jury waiver did not comply with the requirements of R.C. 2945.05. Therefore, the trial court lacked jurisdiction to conduct a bench trial, and we must reverse the conviction and remand the cause for a new trial.

## I. Stabbing

{¶ 3} On May 25, 2003, Lomax and his girlfriend, Brandy Tooson, were at a family birthday party. Robert Christian, the victim, was also at the party. At some point during the evening, Tooson and Christian argued over a chair. The argument turned into a pushing match, and though accounts at trial differed, apparently Christian ended up with the chair and Tooson ended up on the floor.

{¶ 4} Tooson was upset, and her cousin Travis punched Christian in the face. While others encouraged Christian to leave the party, Tooson continued complaining that she had been "disrespected" by Christian. Lomax, who had been outside, confronted Christian and asked him, "Did you disrespect my woman?" The men briefly argued, then parted ways.

{¶ 5} As partygoers took Christian outside to a car, Tooson continued to complain that Christian had inappropriately touched her. She questioned Lomax about what he was going to do, stating that Lomax was supposed to protect her.

{¶ 6} Witnesses testified that Lomax went to his car and retrieved something. Lomax then went to Christian and swung at him several times. Christian exclaimed that he had been stabbed. A family member walked with Lomax away from the scene and took a knife out of Lomax's hand.

{¶ 7} At trial, Lomax admitted that he had stabbed Christian, but claimed that it was in self-defense. Lomax testified that Christian had had him in a headlock,

and that he feared for his life. Only Lomax and Tooson testified that Christian had had Lomax in a headlock. All other witnesses testified that Lomax had not been in a headlock, but had lunged at Christian. The court found Lomax guilty and sentenced him to 15 years to life in prison.

## II. Jury Waiver

{¶ 8} In his first assignment of error, Lomax argues that his jury waiver was not properly executed and that, consequently, the trial court lacked jurisdiction to conduct a bench trial.

{¶ 9} In Ohio, a defendant may waive his right to a trial by jury.[1] Under Crim.R. 23(A), a defendant must make the waiver knowingly, intelligently, and voluntarily, and in writing. The Revised Code provides the manner in which a waiver must be made: "Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * * Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel."[2]

{¶ 10} The record reflects that Lomax signed a written jury waiver. But Lomax argues that his jury waiver was not made in "open court" and thus was not a valid waiver.

{¶ 11} The only reference to the jury waiver in the trial transcript occurs immediately before opening statements. The court stated, "Okay. I understand we are finally ready on the Lomax case. Since there's going to be a jury waiver, does the state care to make an opening statement at this time?" The "going to be" is the only reference to the jury waiver in "open court." Evidently, the jury waiver was given to the court clerk at some point, because it is in the record before us.

{¶ 12} The question before us is whether a mere reference on the record to a jury waiver is enough to constitute a waiver "made in open court." What exactly is a trial court required to put on the record regarding a defendant's waiver of a jury?

{¶ 13} We fail to understand how something can be "made in open court" unless it is, in fact, made on the record—that is, made in court and taken down in the transcript.

{¶ 14} The law in Ohio is sparse—probably because this situation rarely happens—most records include an extensive colloquy between the judge and

---

1. Crim.R. 23(A).

2. R.C. 2945.05.

defendant, discussing the waiver. We will first look to federal cases, then Ohio, then other states.

### III. Federal Waiver

■ {¶ 15} The United States Supreme Court has repeatedly held that while a defendant has the right to waive a jury trial, a trial court has the responsibility to ensure that the waiver is made knowingly and intelligently and also to approve the jury waiver.[3] A colloquy between the court and the defendant serves both to emphasize to the defendant the seriousness of the decision to waive the right to trial by jury and to create a clear record of the circumstances of the waiver, establishing that express and intelligent consent was indeed given by the defendant.[4]

{¶ 16} Numerous federal appellate courts have held that there is no constitutional requirement that a court conduct an on-the-record colloquy with the defendant prior to the jury-trial waiver.[5] The right for a defendant in federal court to waive the right to a jury trial is governed by Fed.R.Crim.P. 23(a). The rule allows a non-jury trial provided that (1) the defendant waives a jury trial in writing, (2) the government consents, and (3) the court approves. There is no federal statute analogous to R.C. 2945.05 that requires that a jury waiver be "made in open court."

{¶ 17} Despite the lack of a clear constitutional or statutory directive for federal courts to conduct a colloquy to inform a defendant on the record of his or her rights and to ascertain that a waiver is made knowingly and intelligently, a majority of federal appellate courts have held that such a colloquy is preferable to a mere acceptance of a written waiver;[6] some have required it.[7]

{¶ 18} For example, the Sixth Circuit Court of Appeals has stated that a determination that the defendant is knowingly and intelligently waiving a jury "is most appropriately made on the record before the waiver is executed. A

---

**3.** See *Patton v. United States* (1930), 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854; *Adams v. United States* (1943), 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268; *Singer v. United States* (1965), 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630.

**4.** See *United States v. Anderson* (C.A.3, 1983), 704 F.2d 117, 119.

**5.** See, e.g., *United States v. Scott* (C.A.7, 1978), 583 F.2d 362, 363; *United States v. Martin* (C.A.6, 1983), 704 F.2d 267; *Marone v. United States* (C.A.2, 1993), 10 F.3d 65, 67–68; *United States v. Anderson* (C.A.3, 1983), 704 F.2d 117; *United States v. Cochran* (C.A.9, 1985), 770 F.2d 850, 851; *United States v. Hunt* (C.A.4, 1969), 413 F.2d 983, 984; *United States v. David* (C.A.D.C.1975), 511 F.2d 355; *United States v. Robertson* (C.A.10, 1995), 45 F.3d 1423, 1432.

**6.** Id.

**7.** See *Scott*, 583 F.2d 362.

contemporaneous colloquy with the defendant before the jury trial waiver is executed could create a record capable of withstanding subsequent challenges, satisfy the court's responsibility, facilitate intelligent appellate review, conserve scarce judicial resources, and enhance the finality of criminal convictions."[8] The court then proceeded to "implore the district courts to personally inform each defendant of the benefits and burdens of jury trials on the record prior to accepting a proffered waiver."[9]

{¶ 19} Similarly, the Second Circuit Court of Appeals has held, "In order to obviate any future misunderstandings, however, we suggest the district courts individually inform each defendant, on the record, of the fundamental attributes of a jury trial before accepting a waiver. * * * This court urges that at a minimum the district courts inform each defendant that a jury is composed of twelve members of the community, that the defendant may participate in the selection of the jurors, that the jury's verdict must be unanimous, and that a judge alone will decide guilt or innocence if the defendant waives the right to a jury trial."[10]

{¶ 20} The Seventh Circuit Court of Appeals now requires by rule that district courts interrogate defendants on their understanding of the right to a jury trial and a waiver of that right, since the court's suggestions that the district courts conduct such a colloquy went unfollowed.[11] The court decided that "[f]ormal adoption of a procedure analogous to that required for guilty pleas by Rule 11, Fed.R.Crim.P., will provide an additional safeguard against unintelligent waiver. It will avoid the argument now raised on appeal and tend to prevent misunderstanding * * *."[12]

{¶ 21} In *Patton v. United States*, the Supreme Court held that courts must ensure that a defendant's jury waiver is "express and intelligent," because of its seriousness. "Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the

---

8. See *United States v. Martin*, supra, 704 F.2d at 274.

9. Id.

10. See *Marone v. United States*, supra, 10 F.3d at 67–68; see, also, *United States v. Cochran*, supra, 770 F.2d at 852; *United States v. Hunt*, supra, 413 F.2d at 984.

11. See *Scott*, supra, 583 F.2d at 363.

12. Id.

express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity." [13]

{¶ 22} The federal caselaw is overwhelming that a colloquy conducted between a trial court and the defendant concerning a jury waiver is at least strongly recommended. Ohio caselaw indicates that it is not only a good idea, but required.

## IV. Ohio Jury Waiver

{¶ 23} In *State v. Jells,*[14] the Ohio Supreme Court considered what on-the-record inquiry by the trial court was required for a valid jury waiver. The court held, "There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is *fully apprised* of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel. * * * While it may be better practice for the trial judge to enumerate *all the possible implications of a waiver of a jury,* there is no error in failing to do so." [15] (Emphasis added.)

{¶ 24} The *Jells* court did not specify exactly what makes the waiver "made in open court." The trial court there engaged in a colloquy with the defendant. The court asked Jells three questions concerning whether Jells had signed the waiver form, whether he had acted of his own free will, and whether anyone had forced him to waive his right. Jells made the appropriate response to each question, and then the court accepted the waiver. Thus, the issue in *Jells* was how extensive the colloquy had to be. Apparently, asking the three questions of the defendant was enough to satisfy the "made in open court" requirement.

{¶ 25} Every Ohio appellate court that has considered the issue has concluded that as long as there was some exchange between the trial court and the defendant discussing the jury waiver, the waiver was properly executed.

{¶ 26} In *State v. Walker,* the Third Appellate District held that a valid jury waiver was accomplished only by completion of a two-step process consisting of (1) a signed written waiver and (2) a colloquy between the trial court and the

---

**13.** See *Patton,* 281 U.S. at 312, 50 S.Ct. 253, 74 L.Ed. 854

**14.** See *State v. Jells* (1990), 53 Ohio St.3d 22, 559 N.E.2d 464.

**15.** Id. at 25–26, 559 N.E.2d 464.

defendant. The court held that the "open court" language of R.C. 2945.05 required more than just the signed waiver to ensure that a defendant had voluntarily made an informed waiver of his right to a jury trial.[16] "[T]here must occur, in open court, a colloquy between the trial judge and the defendant himself, extensive enough for the judge to make a reasonable determination that the defendant has been advised and is aware of the implications of voluntarily relinquishing a constitutional right." [17]

{¶ 27} The Second Appellate District has followed *Walker* and held that a colloquy, no matter how brief, must be held between the trial court and the defendant.[18] In the Second District, even a one-sentence inquiry by the court and a mere acknowledgement by the court for the record that it had received a waiver would be sufficient.[19]

{¶ 28} Likewise, the Twelfth Appellate District has held, "[A] written waiver signed by the defendant and 'followed by a one sentence inquiry by the trial judge is sufficient to insure the defendant's rights.' " [20] And the Eighth Appellate District has held that a single question from the trial court to the defendant asking whether the defendant understood his right to a jury trial and intended to waive it, along with an affirmative response from the defendant, satisfied the statute's open-court requirement.[21]

{¶ 29} Most analogous to the present case are two cases in which the courts held that a jury waiver was not properly executed when the trial court failed to address the defendant at all concerning the waiver.

{¶ 30} In the Eighth Appellate District case of *State v. Ford*, the trial court at no time personally addressed the defendant about the veracity or the contents of the jury waiver.[22] The trial court merely stated on the record that the defendant had earlier executed a written waiver.

---

16. See *State v. Walker* (1993), 90 Ohio App.3d 352, 357–358, 629 N.E.2d 471.

17. Id. at 358, 629 N.E.2d 471.

18. See *State v. Linehan* (Sept. 4, 1998), 2nd Dist. No. 16841, 1998 WL 905347; *State v. Harris* (Dec. 21, 1994), 2nd Dist. No. 14343, 1994 WL 718227.

19. See *State v. Harris*, supra.

20. See *State v. Allen* (Oct. 6, 1997), 12th Dist. No. CA97–02–004, 1997 WL 618198, quoting *State v. Morris* (1982), 8 Ohio App.3d 12, 14, 8 OBR 13, 455 N.E.2d 1352.

21. See *State v. Franklin*, 8th Dist. No. 81426, 2003-Ohio-2649, 2003 WL 21193014; *State v. Davis*, 8th Dist. No. 85152, 2005-Ohio-2630, 2005 WL 1245624.

22. See *State v. Ford* (2002), 8th Dist. Nos. 79441 and 79442, 2002 WL 407925.

■ {¶ 31} The *Ford* court cited the Ohio Supreme Court's holdings that a trial court is not required to interrogate a defendant about whether the defendant had been fully apprised of *all the possible benefits of a jury trial* and that a trial court is not required to inform the defendant of all possible implications of a jury waiver.[23] But the court concluded that the record must contain at least some affirmation by the defendant as to the execution of the jury waiver.[24] The court cited *Walker* and held, "[A]n extensive colloquy is not required. Some dialogue, however minimal, is required nonetheless." [25]

{¶ 32} Similarly, in *State v. Dominijanni,* the Sixth Appellate District concluded that the trial court lacked jurisdiction to conduct a bench trial when the trial transcripts made no mention of a jury waiver.[26] The court held, "Absent any exchange between the court and appellant regarding appellant's waiver, we find that the [trial court] did not comply with R.C. 2945.05." [27]

{¶ 33} We are aware that in *State v. Bays,* the Ohio Supreme Court stated, "[I]f the record shows a jury waiver, the verdict will not be set aside except on a plain showing that the waiver was not freely and intelligently made." [28] The state contends, as does the dissent, that that statement could be interpreted to mean that a written record of a waiver standing alone could be sufficient. But that is not a reasonable interpretation—the "record" showing a jury waiver has to be made. It can only be made in open court by having the defendant acknowledge the waiver. And it is the colloquy in a record that often negates a claim that the waiver was not freely or intelligently made.

{¶ 34} In *Bays,* just as in *Jells,* the trial court conducted an extensive colloquy with the defendant.[29] The Ohio Supreme Court was able to review the colloquy in some detail and determined that there was no plain showing that the waiver was anything less than voluntary, knowing, and intelligent.[30] Thus in *Bays,* just as in *Jells,* the issue was how *extensive* a colloquy had to be, not whether there

---

**23.** See *State v. Jells,* supra, 53 Ohio St.3d at paragraph one of the syllabus; *State v. Bays* (1999), 87 Ohio St.3d 15, 20, 716 N.E.2d 1126.

**24.** See *State v. Ford,* supra.

**25.** Id.

**26.** See *State v. Dominijanni* (July 20, 2001), 6th Dist. No. WD–01–002, 2001 WL 857674.

**27.** Id.

**28.** See *State v. Bays,* 87 Ohio St.3d at 19, 716 N.E.2d 1126.

**29.** Id. at 18, 716 N.E.2d 1126.

**30.** Id. at 19–21, 716 N.E.2d 1126.

had to be one. Furthermore, numerous decisions that have quoted *Bays* have relied on the colloquy between the trial court and the defendant to determine whether a waiver was made freely and intelligently.[31]

{¶ 35} In *State v. Goods*, the Tenth Appellate District held that a "trial court was not required to engage in a colloquy in open court explaining to [the defendant] 'specifically his right to a jury trial and the ramifications of waiving said jury and having the matter tried to the trial court.' "[32] Yet in *Goods*, the trial court addressed the defendant, stating, "It's the court's understanding that you wish to waive the jury in this case; is that correct?" The defendant answered, "Yes." There was at least some minimal acknowledgement on the record by the defendant that he was waiving his right to a jury trial. That is more than the record shows in this case.

{¶ 36} We conclude that the mere mention in passing on the record that there was a jury waiver was not sufficient to comply with the "open court" requirement of R.C. 2945.05. Therefore, the jury waiver was not properly executed. Absent strict compliance with the requirements of R.C. 2945.05, the trial court lacked jurisdiction to try Lomax without a jury.[33]

## V. Other States

{¶ 37} Finally, we note that two states with statutes analogous to R.C. 2945.05 have reached a similar conclusion that some exchange between the trial court and the defendant is needed to satisfy an "open court" requirement.

{¶ 38} Illinois law provides that a bench trial may be held if the right to trial by jury is "understandingly waived by defendant in open court."[34] In *People v. Scott*, the Illinois Supreme Court held, "We have never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed."[35]

---

31. See *State v. Turner*, 105 Ohio St.3d 331, 2005-Ohio-1938, 826 N.E.2d 266, at ¶ 27; *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, at ¶ 38; *State v. Townsend*, 3rd Dist. No. 9–03–40, 2003-Ohio-6992, 2003 WL 22994985, at ¶ 13; *State v. Smith* (2002), 8th Dist. No. 79637, 2002 WL 538757; and *State v. Kelly*, 12th Dist. No. CA2004–12–104, 2005-Ohio-7032, 2005 WL 3588427, at ¶ 56.

32. *State v. Goods* (Mar. 30, 1999), 10th Dist. No. 98AP–925, 1999 WL 177479, quoting *State v. Jells*, supra, 53 Ohio St.3d at 25–26, 559 N.E.2d 464.

33. See *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph one of the syllabus.

34. Ill.Ann.Stat., Chapter 725, Section 5/103–6.

35. See *People v. Scott* (1999), 186 Ill.2d 283, 284, 238 Ill.Dec. 36, 710 N.E.2d 833.

{¶ 39} And in *People v. Pasley*,[36] the Michigan Supreme Court interpreted a Michigan statute requiring that a jury waiver be "made in open court."[37] The court concluded that the statute required that the trial court make a finding of fact on the record that the defendant had personally, voluntarily, and understandingly given up his right to trial by jury, based upon information conveyed to the judge in open court by the defendant, or in his presence.[38]

{¶ 40} *Pasley* is now old law, because five years after the Michigan Supreme Court decided it, the Michigan legislature set forth a new rule of procedure for waiver of a jury trial.[39] The new rule explicitly requires a trial court to personally address the defendant in open court. The trial court must advise the defendant of the constitutional right to trial by jury and ascertain that the defendant understands the right and is voluntarily giving up that right. The rule also requires that a verbatim record must be made of the waiver proceeding.

{¶ 41} Therefore, in Michigan, unlike in Ohio, it is no longer left to the courts to determine exactly what constitutes a valid jury waiver. And, more importantly, a statute leaves no doubt that a trial court must personally address the defendant on the record and secure the defendant's acknowledgement that he or she is waiving the right to a jury trial.

{¶ 42} Some state laws, while differing from Ohio, still clearly direct that the defendant must acknowledge before the trial court the decision to waive the right to a jury trial. For example, in Texas, a defendant can waive the right to a jury trial as long as the waiver is made "in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State."[40] In New York, a jury waiver "must be in writing and must be signed by the defendant in person in open court in the presence of the court, and with the approval of the court."[41]

{¶ 43} In Vermont, a court cannot accept a jury waiver without addressing the defendant personally in open court.[42] The court must inform the defendant and determine that the defendant understands that he may participate in the selec-

---

**36.** See *People v. Pasley* (1984), 419 Mich. 297, 353 N.W.2d 440.

**37.** Mich.Comp.Laws Ann. 763.3.

**38.** See *People v. Pasley*, supra, 419 Mich. at 302, 353 N.W.2d 440.

**39.** Mich.C.R. 6.402(B).

**40.** Tex.Code Crim.P. 1.13.

**41.** N.Y.Crim.P.Law 320.10(2).

**42.** Ver.R.Crim.P. 23(a); *State v. West* (1995), 164 Vt. 192, 200, 667 A.2d 540.

tion of the jury, that a guilty verdict must be unanimous, and that the court alone decides guilt or innocence if the jury is waived.[43]  In Maryland, a trial court "may not accept the waiver until it determines, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the waiver is made knowingly and voluntarily."[44]  Similarly, a District of Columbia statute mandates that cases be tried by jury "unless the defendant in open court orally and in writing waives a jury trial with the approval of the court and the consent of the prosecuting officer."[45]

{¶ 44} In other states, despite the lack of statutory directive for a colloquy, courts have still either required or recommended a colloquy to assure that the waiver is made voluntarily and intelligently.  For example, in *Ciummei v. Commonwealth*, the Massachusetts Supreme Judicial Court acknowledged that there was no statutory requirement for the trial court to conduct a colloquy.[46]  But the court decided that "in aid of sound judicial administration," a colloquy must be held in any instance of a jury waiver.[47]  The Supreme Court of Delaware reached the same conclusion.  Despite the lack of a statutory directive to conduct a colloquy, the court held that in addition to accepting a written waiver, a trial court must conduct a colloquy to "ensure that the defendant understands the nature of the right to trial by jury that is being relinquished and the implications of that decision."[48]

{¶ 45} In Florida, a defendant can waive the right to a jury trial either in writing or orally.[49]  But the Florida Supreme Court has held, "[W]e emphasize that it is better practice for trial courts to use both a personal on-the-record waiver and a written waiver.  An appropriate oral colloquy will focus a defendant's attention on the value of a jury trial and should make a defendant aware of the likely consequences of the waiver."[50]  Courts have reached similar conclu-

---

43. Id.

44. *Smith v. State* (2003), 375 Md. 365, 378, 825 A.2d 1055, quoting Md.R. 4–246(b).

45. See *Hawkins v. United States* (D.C.App.1978), 385 A.2d 744.

46. See *Ciummei v. Commonwealth* (1979), 378 Mass. 504, 507, 392 N.E.2d 1186.

47. Id. at 509, 392 N.E.2d 1186.

48. *Davis v. State* (Del.2002), 809 A.2d 565, 571.

49. Fla.R.Crim.P. 3.260; *Tucker v. State* (Fla.1990), 559 So.2d 218.

50. *Tucker v. State*, supra, at 220.

sions in Kansas, Colorado, Idaho, and Alaska.[51]

## VI.  Waiver Requires a Colloquy

██ {¶ 46} We conclude that, given our Ohio statute requiring a jury waiver to be "made in open court," the legislature intended for the trial court to conduct a colloquy with the defendant.  "Open court" can only mean orally, and on the record.  Requiring a colloquy ensures voluntary, knowing, and intelligent waivers;  promotes judicial economy by avoiding challenges to the validity of waivers on appeal;  and emphasizes to the defendant the seriousness of the decision.  While the questioning of the defendant does not need to be extensive, it must at least be sufficient to show that the waiver is knowing, voluntary, and intelligent.  The three questions asked by the trial court in *Jells* —and approved by the Ohio Supreme Court as complying with the "open court" requirement—are minimally sufficient.  These are (1) whether the defendant had signed the jury-waiver form, (2) whether it was voluntary, and (3) whether anyone had forced him to waive this right.  This questioning would take no more than a minute, but it was not done here.

{¶ 47} Because Lomax's waiver was not made in open court, the trial court lacked jurisdiction to conduct a bench trial.  We sustain Lomax's first assignment of error, reverse his conviction, and remand the cause for further proceedings.  Our decision on Lomax's first assignment of error moots his remaining assignments, and we need not address them.

Judgment reversed
and cause remanded.

DOAN, J., concurs.

HILDEBRANDT, P.J., dissents.

HILDEBRANDT, P.J., dissenting.

{¶ 48} I respectfully dissent from the majority's well-written opinion because I believe, under the circumstances of this case, the requirements under R.C. 2945.05 for a valid jury waiver have been met.

{¶ 49} Unless a jury waiver is in writing, signed by the defendant, filed in the criminal action and made a part of the record, a trial court lacks jurisdiction to try the defendant without a jury.[52]  Although it is undisputed that all of these

---

**51.**  See *State v. Irving* (1975), 216 Kan. 588, 590, 533 P.2d 1225;  *Rice v. People* (1977), 193 Colo. 270, 271, 565 P.2d 940;  *State v. Swan* (1985), 108 Idaho 963, 966, 703 P.2d 727;  and *Dolchok v. State* (Alaska 1982), 639 P.2d 277, 286;  but, see, *Leasure v. State* (1973), 254 Ark. 961, 967, 497 S.W.2d 1;  and *State v. Jelks* (1969), 105 Ariz. 175, 177–178, 461 P.2d 473.

**52.**  *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766.

requirements were met in this case, the majority maintains that Ohio law requires the trial court to engage in a colloquy with the defendant before the jury waiver can be considered valid.

{¶ 50} In support of its argument that a limited colloquy is necessary to satisfy the "open court" requirement for a valid jury waiver, the majority emphasizes that the colloquy will ensure that the jury waiver is made knowingly, intelligently, and voluntarily. While I see the benefit in having a colloquy to ensure that the waiver of the right to a jury trial is voluntary, it is simply not required under Ohio law. In *State v. Bays*,[53] the Ohio Supreme Court held that "a written [jury] waiver is presumptively voluntary, knowing, and intelligent."[54] The *Bays* court further held that "if the record shows a jury waiver, the verdict will not be set aside except on a plain showing that the waiver was not freely and intelligently made."[55]

{¶ 51} Here, the record demonstrates that Lomax signed a written jury waiver and it was made a part of the record. Lomax does not contest the voluntary nature of his written waiver and, thus, does not demonstrate that his waiver was not "freely and intelligently made." Accordingly, under *Bays*, Lomax's jury waiver is valid.

{¶ 52} The trial court stated on the record, prior to the start of the bench trial, that Lomax had submitted a jury waiver. Lomax did not object to this statement. In light of the fact that Lomax is not contesting the voluntary nature of his written waiver, I would hold that the trial court's uncontested acknowledgment on the record that Lomax had submitted a jury waiver satisfied the "open court" requirement under R.C. 2945.05. Accordingly, I would hold that the trial court had jurisdiction to conduct a bench trial.

---

53. *State v. Bays* (1999), 87 Ohio St.3d 15, 716 N.E.2d 1126.

54. Id. at 19, 716 N.E.2d 1126.

55. Id.