OPINION
{¶ 1} Amy Goens is appealing her conviction for carrying a concealed weapon from the Montgomery County Common Pleas Court.
 {¶ 2} On February 6, 2002, Goens was indicted on one count of carrying a concealed weapon and one count of possession of less than five grams of cocaine. Goens filed a motion to suppress based on an illegal arrest that the trial court overruled on June 27, 2002. Although overruled, Goens also filed a motion to dismiss alleging R.C. 2923.12, the carrying a concealed weapon statute, was unconstitutional.
 {¶ 3} On July 11, 2002, Goens entered a plea of no contest to the charge of carrying a concealed weapon, and the State dismissed the charge of possession of cocaine. During the plea hearing, the trial court explained to Goens that as a result of a guilty finding on the carrying a concealed weapon charge "the range of sentencing is anywhere from six months up to eighteen months in Marysville." In regard to waiving her right to a jury trial, the trial court asked Goens, "Do you understand also when you plea no contest, you are giving up your right to a jury trial where twelve citizens would decide if you're guilty or not guilty?" Goens indicated her understanding and subsequently entered her plea of no contest. Goens was found guilty. Goens was later sentenced to "up to five years of community service." Goens filed a timely appeal from that decision.
 {¶ 4} Goens raises the following assignments of error in her appeal.
 {¶ 5} "[1] It Was Reversible Error For The Trial Court to Overrule Appellant's Motion To Dismiss Carrying A Concealed Weapon Charge Which Is Based Upon A Statute Patently Unconstitutional.
 {¶ 6} "[2] The Instant Plea Of Guilty Was Not Knowingly And Freely Given Because The Trial Court Failed To Properly Advise Defendant Of The Maximum Possible Sentence And The State's Burden Of Proof Herein."
 Appellant's first assignment of error: {¶ 7} Goens asserts that the trial court erred in overruling her motion to dismiss alleging that the carrying a concealed weapon statute, R.C 2923.12, was unconstitutional. We disagree.
 {¶ 8} In support of her argument, Goens points to Klein v. Leis,146 Ohio App.3d 526, 2002-Ohio-1634, wherein the First District Court of Appeals opined that R.C 2923.12 was unconstitutional. However, the Ohio Supreme Court has recently heard an appeal of this case in Klein v.Leis, 99 Ohio St.3d 537, 2003-Ohio-4779. In this opinion, the Court determined that there is no constitutional right to bear concealed weapons and therefore that the statute prohibiting the carrying of concealed weapons did "not unconstitutionally infringe the right to bear arms." Id. at paragraph one of syllabus.
 {¶ 9} Goens' first assignment of error is without merit and is overruled.
 Appellant's second assignment of error: {¶ 10} Goens argues that her no contest plea was less than knowing and voluntary because the trial court did not adequately explain her possible maximum sentence or her right to a jury trial. We disagree.
 {¶ 11} The relevant portion of Crim. R. 11(C)(2) provides:
 {¶ 12} "(2) In felony cases the court may refuse to accept * * * a plea of no contest, and shall not accept a plea of * * * no contest without first addressing the defendant personally and doing all of the following:
 {¶ 13} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.
 {¶ 14} "* * *
 {¶ 15} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial * * *."
 {¶ 16} If a trial court has substantially complied with Crim. R. 11 when dealing with matters not mandated by the Constitution, such as the potential maximum sentence a defendant could receive, a reviewing court is not required to vacate the plea. State v. Nero (1990),56 Ohio St.3d 106, 107-108. Substantial compliance is met if the record demonstrates that "under the totality of the circumstances the defendant subjectively [understood] the implications of [her] plea and the rights [she] is waiving." Id. at 108. Additionally, a defendant alleging that her plea was not knowingly, intelligently, and voluntarily made must show that her plea would not have otherwise been made in order to have the plea vacated. Id.
 {¶ 17} At the plea hearing, the trial court engaged in a colloquy with Goens in which she asserted that she was not under the influence of any alcohol or drugs, had graduated from school, and that she was able to read and write. Regarding the carrying a concealed weapon charge, the trial court asked Goens, "Do you understand the range of sentencing is anywhere from six months up to eighteen months in Marysville?" Goens replied, "Yes, ma'am." Additionally, the trial court informed Goens to ask any questions she had prior to signing the plea form and then again asked Goens if she had any questions about what the court had said or anything on the plea form. Goens responded that she did not have any questions and signed the form. Further, the plea form that Goens signed stated that the court could sentence her to "Prison term(s) of 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, or 18 months."
 {¶ 18} We think the court substantially complied with the requirement of notifying Goens of the possible maximum sentence under her plea. We think the record indicates that Goens understood that her possible maximum sentence was eighteen months. This is demonstrated by her indication that she understood that the range of sentence was between six and eighteen months and that despite being asked repeatedly if she had any questions, she never indicated she had any questions or did not fully understand the proceedings. Goens stated at the plea hearing that she had graduated from school and was able to read and write. We find that Goens' plea was not less than knowing and voluntary because of the manner in which the trial court informed her of what the possible maximum sentence would be.
 {¶ 19} We also find that Goens' argument that her plea was not knowingly and voluntarily made because of the manner in which the trial court informed her that she was waiving her right to a jury trial is meritless. "Crim. R. 11(C) does not require the court to inform the defendant that the verdict in a jury trial must be by unanimous vote."State v. Small (July 22, 1981), Summit App. No. 10105, citing State v.Ballard (1981), 66 Ohio St.2d 473, 479. At the plea hearing, the trial court asked Goens, "Do you understand also when you plead no contest, you are giving up your right to a jury trial where twelve citizens would decide if you're guilty or not guilty?" Goens replied, "yes, ma'am." Goens argues that the trial court erred by failing to inform her that if she took her case to a jury the jury would have to reach a unanimous decision in order to find her guilty. Goens argues that she could have misunderstood the question to mean that only a majority of the twelve jurors was necessary to find her guilty. However, Goens repeatedly indicated at the plea hearing that she did not have any questions and further indicated that she understood her rights and intended to give those rights up by pleading no contest. As Goens was a high school graduate and was not under the influence of drugs or alcohol, there is no reason to believe that she did not understand she was giving up her right to a jury trial. The trial court was not required to tell Goens that the verdict in a jury trial must be unanimous. Thus, we cannot find the trial court's failure to do so rendered Goens' plea less than knowing and voluntary. Goens' second assignment of error is without merit and is overruled.
 {¶ 20} The judgment of the trial court is affirmed.
FAIN, P.J. and WOLFF, J., concur.