OPINION *Page 2 
{¶ 1} Defendant Nathaniel A. Williams appeals a judgment of the Court of Common Pleas of Muskingum County, Ohio, convicting him and sentencing him for drug-related offenses after he changed his plea from not guilty to guilty pursuant to an agreement with appellee State of Ohio. Appellant assigns a single error to the trial court:
 {¶ 2} "THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AS HIS PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY."
 {¶ 3} The record indicates appellant signed a written guilty plea for possession of drugs (crack cocaine) in violation of R.C. 2925.11 (A); possession of drugs (marijuana) in violation of R.C. 2925.11 (A); and possession of drug paraphernalia in violation of R.C. 2925.14 (C)(1).
 {¶ 4} On page two of the plea form is a statement set out in bold and underlined. It says "The Defendant hereby acknowledges that through plea negotiations by and between the parties, he agrees to accept the Prosecutor's recommendation for sentencing, which is stated as follows: In exchange for the Defendant's change of plea, the Prosecutor recommends he receive an aggregate sentence of seven (07) years in prison."
 {¶ 5} The plea form also states, among other things, appellant understands by pleading guilty he gives up his right to a jury trial, where he could confront the witnesses against him and have his attorney question them, and where he could use the power of the court to call witnesses to testify on his behalf. It further states he knows at trial he would not have to take the witness stand and could not be forced to testify against himself. The form states appellant understands no one could comment if he chose not *Page 3 
to testify, and he understands he waives his right to have the prosecutor prove his guilt beyond a reasonable doubt on every element of each charge.
 {¶ 6} Appellant, his attorney, and the assistant prosecuting attorney all signed the plea form.
 {¶ 7} The trial court conducted a hearing on the change of plea on October 9, 2007. At the hearing, the court spoke at length with appellant about the consequences of the changing his plea to guilty. Among other things, the court discussed appellant's waiver of the right to a jury or bench trial. Appellant indicated he understood he was giving up his right to cross examine witnesses and to compel witnesses to testify on his behalf. Appellant indicated he understood by pleading guilty he gave up his right not to take the witness stand, and understood he did not have to take the witness stand and if he did not, that fact could not be used against him in any way. Appellant indicated he understood he was giving up his right to require the State of Ohio to prove each and every element of each offense beyond a reasonable doubt.
 {¶ 8} On appeal, appellant asserts his guilty plea was not voluntary, knowing, or intelligent, because the trial court failed to inform him of his constitutional right to a unanimous jury verdict.
 {¶ 9} In State v. Ketterer, 111 Ohio St. 3d 70, 2006-Ohio-5283,855 N.E. 2d 48, the Ohio Supreme Court reviewed a defendant's claim the trial court did not adequately inform him of his rights.Ketterer cited State v. Jells (1990), 53 Ohio St. 3d 22,559 N.E. 2d 464, wherein paragraph one of the syllabus, the court held there was no requirement for a trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Ketterer court explained the trial court was not *Page 4 
required to specifically advise the defendant on the need for jury unanimity, Ketterer, supra at paragraph 68., citing State v. Bays
(1999), 87 Ohio St. 3d 15, 716 N.E. 2d 1126, which in turn citedUnited States v. Martin (C.A.6 1983), 704 F. 2d 267. In Bays, the Supreme Court held "a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it," Ketterer, paragraph 68.
 {¶ 10} In State v. Fitzpatrick, 102 Ohio St. 3d 321, 2004-Ohio-3167,810 N.E. 2d 76, the Supreme Court held an accused need not be told the jury verdict must be unanimous in order to convict. Appellant asks us to find in his favor notwithstanding the Supreme Court precedent, but this court must apply Ohio law as directed by the Supreme Court. We have reviewed the record, and we find the trial court and the plea form adequately explained appellant's constitutional rights.
 {¶ 11} The assignment of error is overruled. *Page 5 
 {¶ 12} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. By Gwin, J., Hoffman, P.J., Farmer, J., concur
 By Gwin, J., Hoffman, P.J., Farmer, J., concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to appellant. *Page 1