OPINION
{¶ 1} Defendant-appellant, James Silva, appeals the decision of the Butler County Court of Common Pleas to sentence him to a prison term after he violated the conditions of his community control.
 {¶ 2} Appellant was sentenced to community control in 2006 on three counts of felony nonsupport of dependents and notified that consecutive prison terms would be imposed if he violated his community control sanction. In 2007, appellant's community control was revoked after he violated the conditions of the sanction, and a prison term was *Page 2 
imposed.
 {¶ 3} Appellant argues on appeal in his single assignment of error that the trial court erred in imposing a prison term after his violation because he is amenable to community control sanctions. Appellant asserts that the principles of sentencing are best met if he continues working to pay his child support obligation.
 {¶ 4} The record indicates that the trial court considered the applicable sentencing statutes of R.C. 2929.11, R.C. 2929.12, and R.C. 2929.13, heard appellant's explanation of his work history, was aware of appellant's criminal history, found that appellant previously served a prison sentence when he had "failed" with community control in the past, that appellant's support arrearage exceeded $20,000, that he had accrued additional support obligations since he was placed on community control, and that he had made only $2,200 in payments. The trial court stated that appellant "failed miserably on community control," is "completely void of any motivation to comply with community control," is "disingenuous, dishonest" and not amenable to community control sanctions.
 {¶ 5} Accordingly, we find that appellant failed to offer clear and convincing evidence that the record did not support the imposition of sentence or that the sentence was otherwise contrary to law. See R.C. 2953.08(G); State v. Moore, Butler App. No. CA2007-03-060,2008-Ohio-1477 (appellate review under R.C. 2953.08(G)(2) places the burden on the appellant to make an affirmative showing of error by clear and convincing evidence); State v. Endress, Butler App. No. CA2007-03-079, 2008-Ohio-1666.
 {¶ 6} Appellant's single assignment of error is overruled.
 {¶ 7} Judgment affirmed.
 BRESSLER and POWELL, JJ., concur. *Page 1