OPINION *Page 2 
{¶ 1} Appellant Achenafi T. Molla appeals his conviction and sentence entered on December 7, 2006, in the Licking County Common Pleas Court on one count of Possession of Crack Cocaine.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Appellant Achenafi T. Molla was a passenger in a vehicle which was pulled over by the Newark Police Department for a headlight violation. While the officer was speaking with the driver of the vehicle, he smelled the odor of burnt marijuana coming from inside the vehicle. The officer called for a canine unit. (T. at 11, 15). Once on the scene, the drug dog made a positive "hit" on the vehicle. (T. at 12).
 {¶ 4} The officer then ordered the occupants of the vehicle to exit same. (T. at 12, 14-15). Upon opening the rear passenger door, the officer observed Appellant clutching a jacket between his calves. (T. at 15-16). When Appellant exited the vehicle, he left the jacket in the vehicle. (T at 15-16). As the officer picked the jacket up, he found that it contained baggies which contained off-white rocks which he suspected of being crack cocaine. (T. at 15-17).
 {¶ 5} Appellant was indicted by the Licking Grand Jury on one count of possession of crack cocaine, in violation of R.C. § 2925.11(A)(C)(4)(c) and one count of possession of marijuana, in violation of R.C. § 2925.11(A)(C)(3)(a).
 {¶ 6} On September 25, 2007, the day of trial, Appellant executed a written jury waiver and was questioned by the trial judge in open court with defense counsel present. (T. at 5-6). *Page 3 
 {¶ 7} At trial, the prosecution introduced evidence that the "rocks" seized at the time of the stop were shown by testing to be crack cocaine with a combined weight of 7.03 grams. (T. at 55-57). No fingerprints could be taken from the baggies containing the drugs. (T. at 63).
 {¶ 8} Appellant and one of the passengers testified for the defense. Passenger Derrick Gavin-Smith testified that he did not see Appellant wearing the jacket in question when they left the bar and got into the vehicle in question, that he did not see him `clutching' that jacket while in the vehicle and that he did not see him in the possession of any crack cocaine. (T. at 76, 82-83).
 {¶ 9} Appellant testified that he asked for a ride in lieu of taking a cab from the driver of the vehicle in question who was leaving the bar at the same time as he was. (T. at 92). He had run into Gavin-Smith, with whom he was acquainted, while in the bar. Id. He stated that he did not know the driver or the other occupants of the vehicle besides Gavin-Smith. (T. at 92-93). He testified that when he got into the vehicle, he saw "clutter" in the back seat, including the jacket in question, which he claims to have pushed off his seat. Id. He specifically denied "clutching" the jacket and testified that the jacket was not in between his legs. (T. at 97, 101-102). He further denied possessing either the crack or the marijuana. (T. at 105).
 {¶ 10} The trial court found Appellant guilty as charged. By Judgment Entry dated October 29, 2007, the trial court sentenced Appellant to two (2) years in prison. The marijuana charge was dismissed at the time of sentencing.
 {¶ 11} Appellant now appeals, assigning the following errors for review: *Page 4 
 ASSIGNMENTS OF ERROR {¶ 12} "I. THE DEFENDANT-APPELLANT'S JURY WAIVER WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE.
 {¶ 13} "II. THE JUDGMENT OF CONVICTION IS BASED ON INSUFFICIENT EVIDENCE AND THE GUILTY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THAT EVIDENCE."
 I. {¶ 14} In his first assignment of error, Appellant argues his waiver of jury trial was not made knowingly, intelligently and voluntarily. We disagree.
 {¶ 15} Appellant argues his plea was not knowing, voluntary, or intelligent because the trial court failed to inform him of his constitutional right to a unanimous verdict.
 {¶ 16} R.C. § 2945.05 governs jury waivers and provides:
 {¶ 17} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: `I, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'
 {¶ 18} "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such *Page 5 
waiver may be withdrawn by the defendant at any time before the commencement of the trial."
 {¶ 19} Nothing in R.C. § 2945.05 requires that a trial court engage in a colloquy with the defendant before accepting his waiver of a jury. Furthermore, there is no explicit requirement in Crim. R. 11(C)(2)(a) that a defendant be informed of his right to a unanimous verdict.
 {¶ 20} Several courts, including the Ohio Supreme Court, have held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict. See, e.g., State v. Ketterer,111 Ohio St.3d 70, 2006-Ohio-5283, at ¶ 68 (the trial court was not required to specifically advise defendant on the need for juror unanimity);State v. Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167, at ¶ 44-46
(accused need not be told that jury unanimity is necessary to convict and to impose sentence); State v. Barnett, Hamilton App. No. C-060950,2007-Ohio-4599, at ¶ 6 (trial court not required to specifically inform defendant that she had right to unanimous verdict; defendant's execution of a written jury trial waiver and guilty plea form, as well as her on-the-record colloquy with the trial court about these documents, was sufficient to notify her about the jury trial right she was foregoing);State v. Goens, Montgomery App. No. 19585, 2003-Ohio-5402, at ¶ 19;State v. Pons (June 1, 1983), Montgomery App. No. 7817 (defendant's argument that he be told that there must be a unanimous verdict by the jury is an attempted super technical expansion of Crim. R. 11); State v.Small (July 22, 1981), Summit App. No. 10105 (Crim. R. 11 does not require the court to inform the defendant that the verdict in a jury trial must be by unanimous vote). *Page 6 
 {¶ 21} It is also well-established that a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it. State v. Bays (1999),87 Ohio St.3d 15, 20. In State v. Jells (1990), 53 Ohio St.3d 22, 25-26, the Ohio Supreme Court held:
 {¶ 22} "There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel."
 {¶ 23} A written jury waiver is presumed to have been voluntary, knowing, and intelligent. State v. Turner, 105 Ohio St.3d 331,2005-Ohio-1938, at ¶ 25.
 {¶ 24} In the case sub judice, Appellant executed a written waiver of his right to a jury trial on September 25, 2007, which fully complied with R.C. § 2945.05. Nothing in the record rebuts the presumption that this waiver was knowingly, intelligently, and voluntarily made. The trial court questioned Appellant in open court with counsel present, and inquired as to whether his attorney had advised him of his constitutional right to have his case tried to a jury, whether it was his choice to waive, whether any promises or threats had been made, whether his attorney explained all the proceedings and whether he was satisfied with his attorney. The trial court did more than enough to ensure that Appellant had properly waived his right to a jury trial.
 {¶ 25} For all the above reasons, we find the trial court did not err when it failed to inform Appellant of his right to a unanimous jury verdict, and, based upon the totality of the circumstances, we conclude Appellant signed the jury waiver voluntarily. *Page 7 
 {¶ 26} Accordingly, first assignment of error is overruled.
 II. {¶ 27} In his second assignment of error, Appellant argues his conviction and verdict are against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 28} In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 29} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, 678 N .E.2d 541, citing State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are *Page 8 
primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, syllabus at paragraph one.
 {¶ 30} Appellant was convicted on one count of possession of crack cocaine, in violation of R.C. § 2925.11(A). The elements of possession of drugs are as follows:
 {¶ 31} "No person shall knowingly obtain, possess, or use a controlled substance.
 {¶ 32} "* * *
 {¶ 33} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:
 {¶ 34} "* * *
 {¶ 35} "(c) If the amount of the drug involved equals or exceeds twenty-five grams but is less than one hundred grams of cocaine that is not crack cocaine or equals or exceeds five grams but is less than ten grams of crack cocaine, possession of cocaine is a felony of the third degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree."
 {¶ 36} A "controlled substance" is "a drug, compound, mixture, preparation, or substance included in schedule I, II, III, IV, or V." R.C. 3719.01(C). See, also, R.C. 2925.01(A) (stating that, as used in R.C. 2925.11, "controlled substance" has the same meaning as in R.C. 3719.01).
 {¶ 37} Appellant argues that the State failed to present evidence that Appellant possessed a controlled substance. *Page 9 
 {¶ 38} At least one court has been confronted with an argument similar to the one Appellant raises here, and that court has rejected it. InState v. Rollins, Paulding App. No. 11-05-08, 2006-Ohio-1879, the defendant was convicted of possession of chemicals to manufacture a schedule I or II controlled substance in violation of R.C. 2925.041, namely, methamphetamine. Id. at ¶ 14. On appeal, the defendant argued that the state failed to present any evidence to establish that methamphetamine is a controlled substance in Schedule I or II of R.C. 3719.41. Id. at ¶ 26.
 {¶ 39} The Rollins court rejected this argument, finding that "while the State is required to prove that the defendant intended to manufacture methamphetamine, the State is not required to provide evidence that methamphetamine is a controlled substance in schedule I or II of R.C. 3719.41, because by law, methamphetamine is a controlled substance as listed in Schedule II. R.C. 3719.41, Schedule II(C)(2)."Id. at ¶ 27.
 {¶ 40} As in Rollins, we conclude that while the State was required to prove that Appellant knowingly possessed crack cocaine, the State wasnot required to prove that crack cocaine was a controlled substances in Schedule II of R.C. 3719.41 because, by law, it is. SeeRollins, and R.C. 3719.41, Schedule II(A)(4) (cocaine).
 {¶ 41} In the case before us, the State's evidence showed that the controlled substance that formed the basis of the charges against Appellant was found in his possession. The State also presented sufficient evidence by way of the BCI report to show that the substances recovered from the crime scene were, in fact, crack cocaine and marijuana. Thus, Appellant's conviction on the charges for which he was indicted *Page 10 
was supported by sufficient evidence and was not against the manifest weight of the evidence.
 {¶ 42} Appellant's second assignment of error is overruled.
 {¶ 43} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, affirmed.
 Wise, P. J. Edwards, J., and Delaney, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1