OPINION *Page 2 
{¶ 1} Defendant-appellant Jason F. Dooley appeals his conviction and sentence entered in the Muskingum County Court of Common Pleas for three (3) counts of receiving stolen property, in violation of Ohio Revised Code Section 2923.51(A), felonies of the fifth degree; four (4) counts of forgery, in violation of Ohio Revised Code Section 2913.31(A)(2), felonies of the fifth degree; and one (1) count of misuse of a credit card, in violation of Ohio Revised Code Section 2913.21, a misdemeanor of the first degree. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE[1] {¶ 2} On or about June 14, 2007, the Muskingum County Grand Jury indicted appellant. The charges arose from appellant's role in using three stolen credit cards at various businesses in the Zanesville area.
 {¶ 3} On August 6, 2007, appellant appeared in Court with counsel and pled "guilty" to all eight (8) counts of the Indictment. After a colloquy between appellant and the Court, the Court accepted appellant's plea of "guilty" and ordered that a pre-sentence investigation be conducted.
 {¶ 4} On September 17, 2007, the Court sentenced appellant to an aggregate prison term of one (1) year rather than two (2) years as recommended by the State in accordance with the agreement of the parties. In addition, the trial court also ordered that the appellant serve the remainder of his post-release control sanction in connection with Muskingum County Court of Common Pleas Case Number CR2003-0275.
 {¶ 5} Appellant did not file a direct appeal of his conviction or sentence. *Page 3 
 {¶ 6} On or about September 5, 2008, appellant filed in the trial court a motion to dismiss purported indictment; a motion to vacate judgments; and a motion to merge lesser-included offenses. By entry dated September 24, 2008, the trial court denied each of appellant's motions.
 {¶ 7} It is from the trial court's September 24, 2008 entry denying his motions that appellant has filed this appeal raising the following four assignments of error:
 {¶ 8} "I. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AS HIS PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY.
 {¶ 9} "II. THE DEFENDANT-APPELLANT'S CONVICTIONS FOR RECEIVING STOLEN PROPERTY IN VIOLATION OF R.C. 2913.51 ARE VOID UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BECAUSE OF A DEFECTIVE INDICTMENT.
 {¶ 10} "III. THE DEFENDANT-APPELLANT'S CONVICTION FOR MISUSE OF A CREDIT CARD IN VIOLATION OF R.C. 2913.21 IS VOID UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BECAUSE OF A DEFECTIVE INDICTMENT.
 {¶ 11} "IV. THE DEFENDANT-APPELLANT'S CONVICTIONS FOR FORGERY IN VIOLATION OF R.C. 2913.31 ARE VOID UNDER ARTICLE I, SECTION 10 OF THE UNITED STATES CONSTITUTION BECAUSE OF A DEFECTIVE INDICTMENT." *Page 4 
 I. {¶ 12} In his first assignment of error, appellant asserts his guilty plea was not voluntary, knowing, or intelligent, because the trial court failed to inform him of his constitutional right to a unanimous jury verdict.
 {¶ 13} In State v. Ketterer, 111 Ohio St.3d 70, 2006-Ohio-5283,855 N.E.2d 48, the Ohio Supreme Court reviewed a defendant's claim the trial court did not adequately inform him of his rights. Ketterer citedState v. Jells (1990), 53 Ohio St.3d 22, 559 N.E.2d 464, wherein paragraph one of the syllabus, the court held there was no requirement for a trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. TheKetterer court explained the trial court was not required to specifically advise the defendant on the need for jury unanimity,Ketterer, supra at paragraph 68., citing State v. Bays (1999),87 Ohio St.3d 15, 716 N.E.2d 1126, which in turn cited United States v.Martin (C.A.6 1983), 704 F.2d 267. In Bays, the Supreme Court held "a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it,"Ketterer, paragraph 68.
 {¶ 14} Several courts, including the Ohio Supreme Court, have held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict. State v. Fitzpatrick, 102 Ohio St.3d 321,2004-Ohio-3167, at ¶ 44-46 (accused need not be told that jury unanimity is necessary to convict and to impose sentence); State v. Smith, Muskingum App. No. CT2008-0001, 2008-Ohio-3306 at ¶ 27 (there is no explicit requirement in Crim. R. 11(C) (2) (a) that a defendant be informed of his right to a unanimous verdict; State v. Williams, Muskingum App. No. CT2007-0073, 2008-Ohio-3903 *Page 5 
at ¶ 9 (the Supreme Court held an accused need not be told the jury verdict must be unanimous in order to convict); State v. Barnett, Hamilton App. No. C-060950, 2007-Ohio-4599, at ¶ 6 (trial court is not required to specifically inform defendant that she had right to unanimous verdict; defendant's execution of a written jury trial waiver and guilty plea form, as well as her on-the-record colloquy with the trial court about these documents, was sufficient to notify her about the jury trial right she was foregoing); State v. Goens, Montgomery App. No. 19585, 2003-Ohio-5402, at ¶ 19; State v. Pons (June 1, 1983), Montgomery App. No. 7817 (defendant's argument that he be told that there must be a unanimous verdict by the jury is an attempted super technical expansion of Crim. R. 11); State v. Small (July 22, 1981), Summit App. No. 10105 (Crim. R. 11 does not require the court to inform the defendant that the verdict in a jury trial must be by unanimous vote).
 {¶ 15} Appellant asks us to find in his favor notwithstanding the Supreme Court precedent, but this court must apply Ohio law as directed by the Supreme Court. We have reviewed the record, and we find the trial court and the plea form adequately explained appellant's constitutional rights.
 {¶ 16} Appellant's first assignment of error is overruled.
 II, III IV {¶ 17} In his second, third and fourth assignment of error appellant maintains that the indictment charging him with receiving stolen property, misuse of a credit card, and forgery, respectively, was defective. These assignments of error are interrelated and will be addressed together. *Page 6 
 {¶ 18} Appellant relies upon the case of State v. Colon,118 Ohio St.3d 26, 885 N.E.2d 917, 2008-Ohio-1624. In Colon, the Ohio Supreme Court held that an indictment for robbery in violation of R.C. 2911.02(A)(2) omitted an essential element of the crime by failing to charge a mens rea, i.e., that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm. The court determined that the indictment failed to charge an offense, a constitutional, structural error not waived by failing to raise that issue in the trial court.
 {¶ 19} Colon has no application to this appeal. First, it is important to note that Colon was a direct appeal from the appellant's judgment of conviction, while this is an appeal from the trial court's overruling of appellant's motion to dismiss the indictment and/or his motion to vacate or set aside the judgments.
 {¶ 20} In State v. Colon ("Colon II "), 119 Ohio St.3d 204,2008-Ohio-3749, the Ohio Supreme Court clarified its decision inColon I, and stated:
 {¶ 21} "the rule announced in Colon I is prospective in nature andapplies only to those cases pending on the date Colon I was announced."Id. at ¶ 3-4, 885 N.E.2d 917. [Emphasis added].
 {¶ 22} Colon I was decided April 9, 2008. Appellant did not have a direct appeal pending on the date Colon I was announced. State v.Kimbrough, Licking App. No. 2008-CA-00075, 2008-Ohio-4430.
 {¶ 23} Accordingly, appellant's second, third and fourth assignments of error are overruled. *Page 7 
 {¶ 24} The judgment of the Muskingum County Court of Common Pleas is affirmed.
Gwin, J., Farmer, P.J., and Wise, J., concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Muskingum County Court of Common Pleas is affirmed. Costs to appellant.
[1] A Statement of the Facts underlying appellant's original conviction is unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in appellant's assignment of error shall be contained therein. *Page 1