[Cite as *State v. White*, 2013-Ohio-2135.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| DUSTIN J. WHITE | : | Case No. CT2012-0046 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                                          Pleas, Case No. CR2012-0167


JUDGMENT:                                    Affirmed


DATE OF JUDGMENT:                      May 22, 2013


APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

ROBERT L. SMITH                            DAVID A. SAMS
27 North Fifth Street                           P.O. Box 40
Zanesville, OH  43701                        West Jefferson, OH  43162

*Farmer, J.*

{¶1}   On July 25, 2012, a bill of information was filed charging appellant, Dustin White, with two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04.  At the time of the offenses, the victim was 15 years old and appellant was 18 years of age or older.

{¶2}   Appellant pled guilty to the counts on July 25, 2012.  By sentencing entry filed August 29, 2012, the trial court sentenced appellant to three years of community control, ninety days of local incarceration included therein, and classified him as a Tier II sexual offender.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE BILL OF INFORMATION WAS STRUCTURALLY INSUFFICIENT UNDER OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS AS IT FAILED TO CONTAIN A NECESSARY ALLEGATION THAT THE OFFENSE IN QUESTION WAS A SEXUALLY ORIENTED OFFENSE FOR PURPOSES OF OHIO REVISED CODE CHAPTER 2950."

II

{¶5}   "THE DEFENDANT-APPELLANT'S CONVICTION AND SENTENCE FOR HAVING UNLAWFUL SEXUAL RELATIONS WITH A MINOR AS A FELONY OF THE FOURTH DEGREE AND HIS RESULTING CLASSIFICATION AS A TIER II SEX OFFENDER ARE VOID AS THE INFORMATION FAILED TO ALLEGE THAT

APPELLANT WAS FOUR OR MORE YEARS OLDER THAN THE MINOR VICTIM AS REQUIRED BY OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS."

III

{¶6} "THE DEFENDANT-APPELLANT'S PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS."

I, II

{¶7} Appellant claims the bill of information was deficient as it failed to allege that the offense in question was a "sexually oriented offense" for purposes of R.C. Chapter 2950, and failed to allege that appellant was four or more years older than the minor victim. We disagree.

{¶8} The bill of information filed July 25, 2012 contained two counts. Both counts were identical and stated the following:

> The undersigned, the duly elected and qualified Prosecuting Attorney of said County in the name and by the authority of the State of Ohio, says that prior to this information **DUSTIN J. WHITE** was duly advised by the Common Pleas Court of the nature of the charge against him and of his rights under the Constitution, and being then represented by **Attorney Frederick Sealover** waived, in writing and in open court, prosecution of the offense by indictment, and by way of information **DUSTIN J. WHITE** between the dates of 01/02/2012 and 01/30/2012, in the County of Muskingum, did being eighteen (18) years of age or older,

knowingly engage in sexual conduct, to-wit: vaginal intercourse, with another, to-wit, A.E.S. dob 12/14/1996, who is not the spouse of the said **DUSTIN J. WHITE**, the said **DUSTIN J. WHITE** knowing the said A.E.S. dob 12/14/1996, is thirteen (13) years of age or older, but less than sixteen (16)  years of age, or being reckless in that regard; in violation of Ohio Revised Code, Title 29, Section 2907.04(A), and against the peace and dignity of the State of Ohio.

{¶9}    During appellant's plea hearing, the trial court explained to appellant that he would be classified as a Tier II sex offender which appellant acknowledged he understood.  July 25, 2012 T. at 6.  The trial court repeated this information to appellant during the sentencing hearing, and again appellant acknowledged he understood. August 27, 2012 T. at 4-5.

{¶10} We note an objection to the classification was not made during the sentencing hearing.  *Id.* at 6.  An error not raised in the trial court must be plain error for an appellate court to reverse.  *State v. Long,* 53 Ohio St.2d 91 (1978); Crim.R. 52(B).  In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error.  *Long.*  Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."  *Id.* at paragraph three of the syllabus.

{¶11} Pertinent to this appeal, a "sexually oriented offense" is defined by R.C. 2950.01(A)(3) as follows:

(A) "Sexually oriented offense" means any of the following violations or offenses committed by a person, regardless of the person's age:

(3) A violation of section 2907.04 of the Revised Code when the offender is at least four years older than the other person with whom the offender engaged in sexual conduct or when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct and the offender previously has been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or a violation of former section 2907.12 of the Revised Code.

{¶12} Both counts in the bill of information specify a violation of R.C. 2907.04, the birth date of the victim making the victim 15 years old at the time of the offenses, and the age of appellant, 18 years of age or older. Appellant was 19 years old at the time of the filing of the bill of information. July 25, 2012 T. at 13. Appellant was 4 years and 35 days older than the victim. August 27, 2012 T. at 6.

{¶13} We do not find it to be necessary for the bill of information to further allege the penalty for the offenses pursuant to R.C. Chapter 2950. The bill of information set forth all of the elements of the offenses, specifically referenced R.C. 2907.04, and included sufficient information to determine the ages of the parties involved.

{¶14} In addition, the plea form that appellant signed on July 25, 2012 included the following:

**Registration:** <u>In person verification</u>. If you have entered a plea of guilty to a sexually oriented offense, as defined in Chapter 2950.01 of the Ohio Revised Code, you have been classified as one of the following: a Tier I, a Tier II, or a Tier III offender. Inasmuch as you have been classified as a sex offender, you have a duty to register with law enforcement as follows:

**TIER II: registration every 180 days for a period of twenty-five (25) years.**

{¶15} Although appellant argues the Tier II classification is punitive, it does not enhance the degree of the offense. In support of his argument, appellant cites this court to the case of *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908. We find this case not to be controlling as it spoke only to what was required to be in a sentencing entry and not an indictment: "[w]hen a trial court fails to include a mandatory driver's license suspension as part of an offender's sentence, that part of the sentence [is] void. Resentencing of the offender is limited to the imposition of the mandatory driver's license suspension." *Harris,* at paragraph one of the syllabus.

{¶16} Upon review, we find the bill of information in this case to be sufficient.

{¶17} Assignments of Error I and II are denied.

III

{¶18}  Appellant claims his plea was unknowing, unintelligent, and involuntary because he was not explained jury unanimity.  We disagree.

{¶19}  Crim.R. 11 governs pleas.  Subsection (C)(2) states the following:


(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to

prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶20} We find the plea colloquy sub judice conforms to the mandates of Crim.R. 11. Further, as this court stated in *State v. Rogers,* 5th Dist. No. CT2008-0066, 2009-Ohio-4899, ¶ 11:

This Court, along with several courts, including the Ohio Supreme Court, has held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict. *State v. Dooley,* Muskingum App. No. CT2008-0055, 2009-Ohio-2095; *State v. Hamilton,* Muskingum App. No. CT2008-0011, 2008-Ohio-6328; *State v. Fitzpatrick,* 102 Ohio St.3d 321, 2004-Ohio-3167, at ¶ 44-46 (accused need not be told that jury unanimity is necessary to convict and to impose sentence); *State v. Smith,* Muskingum App. No. CT2008-0001, 2008-Ohio-3306 at ¶ 27 (there is no explicit requirement in Crim.R. 11(C)(2)(a) that a defendant be informed of his right to a unanimous verdict; *State v. Williams,* Muskingum App. No. CT2007-0073, 2008-Ohio-3903 at ¶ 9 (the Supreme Court held an accused need not be told the jury verdict must be unanimous in order to convict); *State v. Barnett,* Hamilton App. No. C-060950, 2007-Ohio-4599, at ¶ 6 (trial court is not required to specifically inform defendant that she had right to unanimous verdict; defendant's execution of a written jury trial waiver and guilty plea form, as well as her on-the-record colloquy with the

trial court about these documents, was sufficient to notify her about the jury trial right she was foregoing); *State v. Goens,* Montgomery App. No. 19585, 2003-Ohio-5402, at ¶ 19; *State v. Pons* (June 1, 1983), Montgomery App. No. 7817 (defendant's argument that he be told that there must be a unanimous verdict by the jury is an attempted super technical expansion of Crim.R. 11); *State v. Small* (July 22, 1981), Summit App. No. 10105 (Crim.R. 11 does not require the court to inform the defendant that the verdict in a jury trial must be by unanimous vote).

{¶21} Assignment of Error III is denied.

{¶22} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ John W. Wise_____

JUDGES

SGF/sg

[Cite as *State v. White*, 2013-Ohio-2135.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                    :
                                                 :
-vs-                                             :        JUDGMENT ENTRY
                                                 :
DUSTIN  J. WHITE                                 :
                                                 :
    Defendant-Appellant                   :        CASE NO. CT2012-0046


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed.  Costs to appellant.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ John W. Wise_____

JUDGES