[Cite as *State v. Abbott*, 2013-Ohio-4666.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| CHAD M. ABBOTT | : | Case No. CT2013-0021 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. CR2012-0215



JUDGMENT:                    Affirmed



DATE OF JUDGMENT:            October 21, 2013



APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

RON WELCH                           DAVID A. SAMS
27 North Fifth Street               BOX 40
Zanesville, OH  43701               West Jefferson, OH  43162

*Farmer, J.*

{¶1} On October 24, 2012, the Muskingum County Grand Jury indicted appellant, Chad Abbott, on one count of domestic violence (having been previously convicted of, or pleaded guilty to two or more offenses of domestic violence) in violation of R.C. 2919.25. Said charge arose from an incident involving appellant's girlfriend, Miranda Hardy.

{¶2} On January 28, 2013, appellant pled guilty to the charge. By entry filed March 13, 2013, the trial court sentenced appellant to eighteen months in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE PLEA WAS UNKNOWING, UNINTELLIGENT AND VOID CONTRARY TO THE STATE AND FEDERAL CONSTITUTIONS."

II

{¶5} "THE TRIAL COURT ERRED IN NOT INQUIRING INTO WHETHER THE DEFENDANT-APPELLANT HAD A MILITARY BACKGROUND RELEVANT TO HIS SENTENCE CONTRARY TO AND AS MANDATED BY R.C. 2929.12(A) & (F), 2929.13(A) AND THE STATE AND FEDERAL CONSTITUTIONS."

III

{¶6} "THE TRIAL COURT ERRED IN NOT CONSIDERING A SENTENCE OF COMMUNITY CONTROL CONTRARY TO AND AS MANDATED BY R.C. 2929.13(A) AND THE STATE AND FEDERAL CONSTITUTIONS."

I

{¶7}    Appellant claims his guilty plea was unknowing, unintelligent and void because the trial court failed to explain jury unanimity.  We disagree.

{¶8}    Crim.R. 11 governs pleas.  Subsection (C)(2) states the following:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to

prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶9}    We find the plea colloquy sub judice conforms to the mandates of Crim.R. 11, and specifically addressed appellant's right to a jury trial.  January 28, 2013 T. at 8-9.

{¶10}  Further, as this court stated in *State v. Rogers,* 5th Dist. Muskingum No. CT2008-0066, 2009-Ohio-4899, ¶ 11:

This Court, along with several courts, including the Ohio Supreme Court, has held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict.  *State v. Dooley,* Muskingum App. No. CT2008-0055, 2009-Ohio-2095; *State v. Hamilton,* Muskingum App. No. CT2008-0011, 2008-Ohio-6328; *State v. Fitzpatrick,* 102 Ohio St.3d 321, 2004-Ohio-3167, at ¶ 44-46 (accused need not be told that jury unanimity is necessary to convict and to impose sentence); *State v. Smith,* Muskingum App. No. CT2008-0001, 2008-Ohio-3306 at ¶ 27 (there is no explicit requirement in Crim.R. 11(C)(2)(a) that a defendant be informed of his right to a unanimous verdict; *State v. Williams,* Muskingum App. No. CT2007-0073, 2008-Ohio-3903 at ¶ 9 (the Supreme Court held an accused need not be told the jury verdict must be unanimous in order to convict); *State v. Barnett,* Hamilton App. No. C-060950, 2007-Ohio-4599, at ¶ 6 (trial court is not required to specifically inform defendant that she

had right to unanimous verdict; defendant's execution of a written jury trial waiver and guilty plea form, as well as her on-the-record colloquy with the trial court about these documents, was sufficient to notify her about the jury trial right she was foregoing); *State v. Goens,* Montgomery App. No. 19585, 2003-Ohio-5402, at ¶ 19; *State v. Pons* (June 1, 1983), Montgomery App. No. 7817 (defendant's argument that he be told that there must be a unanimous verdict by the jury is an attempted super technical expansion of Crim.R. 11); *State v. Small* (July 22, 1981), Summit App. No. 10105 (Crim.R. 11 does not require the court to inform the defendant that the verdict in a jury trial must be by unanimous vote).

{¶11} Assignment of Error I is denied.

II

{¶12} Appellant claims the trial court erred in not inquiring as to whether he had a military background as mandated by R.C. 2929.12(A) and (F) and 2929.13(A). We disagree.

{¶13} R.C. 2929.12 governs factors to consider in felony sentencing. Subsections (A) and (F) state the following:

(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in

section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

(F) The sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses.

{¶14} R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses, and will be discussed in the following assignment of error.

{¶15} The effective date of R.C. 2929.12(A) and (F) was March 22, 2013. Appellant was sentenced on March 13, 2013; therefore, the statutory sections pertaining to military service were not in effect on the day of sentencing.

{¶16} Nonetheless, in this case, the record does not indicate that appellant served in the military or that any such service was a contributing factor to the offense. The trial court ordered a pre-sentence investigation report prior to sentencing which is not included in the record. January 28, 2013 T. at 10. Because we do not have the

report to review, we can only presume that if there was any military service, it was included in the report.

{¶17} In addition, in its entry filed March 13, 2013, the trial court specifically stated, "The Court has considered the record, all statements, any victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §2929.12."

{¶18} Assignment of Error II is denied.

III

{¶19} Appellant claims the trial court erred in not considering community control as mandated by R.C. 2929.13(A). We disagree.

{¶20} R.C. 2929.13(A) states the following:

> (A) Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code.
>
> If the offender is eligible to be sentenced to community control sanctions, the court shall consider the appropriateness of imposing a financial sanction pursuant to section 2929.18 of the Revised Code or a sanction of community service pursuant to section 2929.17 of the Revised

Code as the sole sanction for the offense. Except as otherwise provided in this division, if the court is required to impose a mandatory prison term for the offense for which sentence is being imposed, the court also shall impose any financial sanction pursuant to section 2929.18 of the Revised Code that is required for the offense and may impose any other financial sanction pursuant to that section but may not impose any additional sanction or combination of sanctions under section 2929.16 or 2929.17 of the Revised Code.

{¶21} Nowhere in this section does it state community control is mandated under the facts of this case. Appellant pled guilty to and was sentenced on one count of domestic violence (having been previously convicted of, or pleaded guilty to two or more offenses of domestic violence) in violation of R.C. 2919.25(A), a felony of the third degree. See, Indictment filed October 24, 2012; Plea of Guilty filed January 28, 2013; R.C. 2919.25(D)(4). Pursuant to R.C. 2929.14(A)(3)(b), felonies of the third degree are punishable by "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Appellant was sentenced to eighteen months in prison which is in the permissible range.

{¶22} The state argues a prison term is mandatory pursuant to R.C. 2919.25(D)(6)(d). We disagree. Under R.C. 2919.25(D)(6), subsection (D)(6)(d) only comes into play "[i]f division (D)(3), (4), or (5) of this section requires the court that sentences an offender for a violation of division (A) or (B) of this section to impose a mandatory prison term on the offender pursuant to this division***." R.C. 2919.25(D)(4)

requires a mandatory prison term if the offender knew the victim was pregnant at the time of the offense. There is no allegation that the victim sub judice was pregnant.

{¶23} Again, we are unable to review the pre-sentence investigation report, but note this is appellant's third conviction for domestic violence. The trial court sentenced appellant within the permissible range, and stated it considered the factors set forth in R.C. 2929.11 and 2929.12. We find the trial court did not err on the community control issue as argued by appellant.

{¶24} Assignment of Error III is denied.

{¶25} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Gwin, J. concur.

_____
Hon. Sheila G. Farmer

_____
Hon. William B. Hoffman

_____
Hon. Patricia A. Delaney

SGF/sg 926

[Cite as *State v. Abbott*, 2013-Ohio-4666.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHAD M. ABBOTT | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2013-0021 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. Costs to appellant.

_____
Hon. Sheila G. Farmer

_____
Hon. William B. Hoffman

_____
Hon. Patricia A. Delaney