[Cite as *State v. Johnston*, 2017-Ohio-8593.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| TROY W. JOHNSTON | : | Case No. 17CA000022 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 16CR000252

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    November 15, 2017

APPEARANCES:

For Plaintiff-Appellee

JASON R. FARLEY
Guernsey County
Assistant Prosecuting Attorney
145 N. 7th Street
Cambridge, OH  43725

For Defendant-Appellant

FREDERICK A. SEALOVER
45 N. Fourth Street
P. O. Box 2910
Zanesville, OH  43702-2910

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Troy W. Johnston appeals the August 18, 2017 judgment of conviction and sentence of the Court of Common Pleas, Guernsey County, Ohio. Plaintiff-Appellee is the state of Ohio.

{¶ 2}   A recitation of the underlying facts is not necessary to our disposition of this appeal. On November 23, 2016, the Guernsey County Grand Jury returned an indictment charging Johnston with one count of having weapons under disability pursuant to R.C. 2923.13. At his arraignment on April 13, 2017, Johnston entered a plea of not guilty.

{¶ 3}   On June 22, 2017, Johnston elected to withdraw his not guilty plea, and enter a plea of guilty as charged. During the plea colloquy, the trial court asked Johnston if he understood that by entering a plea of guilty, he was waiving or giving up his right to a jury trial. Johnston indicated his understanding of the same.

{¶ 4}   On August 18, 2017, the trial court held a sentencing hearing and sentenced Johnston to 18 months incarceration.

{¶ 5}   Johnston now brings this appeal, raising one assignment of error:

I

{¶ 6}   "THE DEFENDANT-APPELLANT'S PLEA OF GUILTY IS VOID AND INVALID BECAUSE IT WAS NOT ENTERED KNOWINGLY AND VOLUNTARILY AND INTELLIGENTLY."

{¶ 7}   Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by

App.R. 11.1. "It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 8} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 9} This appeal shall be considered in accordance with the aforementioned rules.

{¶ 10} Johnston argues his plea was not knowingly, intelligently and voluntarily made because the trial court failed to inform him that a jury verdict against him would need to be unanimous in order to sustain a conviction. We disagree.

{¶ 11} Crim.R. 11 governs pleas. Subsection (C)(2) states the following:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 12} We addressed the same complaint raised here by Johnston in *State v. Rogers*, 5th Dist. Muskingum No. CT2008-0066, 2009-Ohio-4899, ¶ 11:

This Court, along with several courts, including the Ohio Supreme Court, has held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict. *State v. Dooley*, Muskingum App. No. CT2008-0055, 2009-Ohio-2095; *State v. Hamilton*, Muskingum App. No. CT2008-0011, 2008-Ohio-6328; *State v. Fitzpatrick*, 102 Ohio St.3d 321, 810 N.E.2d 927, 2004-Ohio-3167, at ¶ 44-46 (accused need not be told that jury unanimity is necessary to convict and to impose sentence); *State v. Smith*,

Muskingum App. No. CT2008-0001, 2008-Ohio-3306 at ¶ 27 (there is no explicit requirement in Crim.R. 11(C)(2)(a) that a defendant be informed of his right to a unanimous verdict); *State v. Williams*, Muskingum App. No. CT2007-0073, 2008-Ohio-3903 at ¶ 9 (the Supreme Court held an accused need not be told the jury verdict must be unanimous in order to convict); *State v. Barnett*, Hamilton App. No. C-060950, 2007-Ohio-4599, at ¶ 6 (trial court is not required to specifically inform defendant that she had right to unanimous verdict; defendant's execution of a written jury trial waiver and guilty plea form, as well as her on-the-record colloquy with the trial court about these documents, was sufficient to notify her about the jury trial right she was foregoing); *State v. Goens*, Montgomery App. No. 19585, 2003-Ohio-5402, at ¶ 19; *State v. Pons* (June 1, 1983), Montgomery App. No. 7817 (defendant's argument that he be told that there must be a unanimous verdict by the jury is an attempted super technical expansion of Crim.R. 11); *State v. Small* (July 22, 1981), Summit App. No. 10105 (Crim.R. 11 does not require the court to inform the defendant that the verdict in a jury trial must be by unanimous vote).

{¶ 13} Upon review, we do not find appellant's plea was unknowing, unintelligent, and involuntary.

{¶ 14} The sole assignment of error is denied.


By Wise, Earle, J.

Delaney, P.J. and

Gwin, J. concur.



EEW/rw